UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES WILLIS BROWN, JR.,   )
                           )
        Plaintiff,         )
                           )
v.                         )   CV419-246
                           )
STATE OF GEORGIA,          )
                           )
        Defendant.         )

## Report and Recommendation

Plaintiff, James Willis Brown, Jr., proceeding *pro se*, has submitted a Petition for Writ of Habeas Corpus.  Doc. 2.  Preliminary § 2254 Rule 4 review shows that his motion must be **DISMISSED**.  As a consequence, Plaintiff's motion for leave to proceed *in forma pauperis* should also be **DENIED** as moot.

Plaintiff concedes that prior state habeas filings were dismissed as untimely.  Doc. 2 at 2.  Though this defect likely applies to the current petition, the petition is frivolous on its face.  The basis of Plaintiff's petition is the allegation that the state of Georgia lacks subject matter jurisdiction "to prosecute statute law," doc. 2 at 2, or "over his Natural Human Flesh and Blood living Body," doc. 2-1 at 3.  The exact nature of Plaintiff's claim is not clear; whether he challenges the authority of the

state over his person, based on his citizenship, or if he challenges that inherent power of the government to issue and enforce laws. Docs. 2 at 2 and 2-1 at 1, 2. The Court need not decipher the incoherence of the Complaint, as these theories are all too familiar.

The language and arguments employed by Plaintiff include many of the hallmarks of the "sovereign citizen" ideology, such as identifying himself as a "natural flesh and blood human being" and attempting to distinguish himself from a separate identity existing as collateral for a mythical debt surreptitiously created by the government during in the Great Depression. *See, e.g.*, doc. 2 at 1. Such sovereign citizen ramblings are nothing more than a frivolous attempt to avoid the statues, rules, and regulations that apply to all litigants and have been consistently rejected by the federal courts. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (*citing United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently

rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted).

Rule 4 of the Rules Governing § 2254 Cases requires, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," this Court must dismiss the petition. *Id.* The Eleventh Circuit has made it absolutely clear: "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. **These theories should be rejected summarily, however they are presented.**" *Benabe*, 654 F.3d at 767 (emphasis added).

Accordingly, James Willis Brown, Jr.'s § 2254 petition should be **DISMISSED** as frivolous. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a

certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542,

**SO REPORTED AND RECOMMENDED**, this 1st day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA